UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANCE RANDOLPH,

                    Plaintiff,

          -against-

THE CITY MUNICIPALITY EMPLOYEES;
WARDEN OF WEST FACILITY CDU
SPRING 11; COMMUNICABLE DISEASE
UNITS PERSONNEL; SUPERVISORS;
POLICY DIRECTORS TRAINORS;
CLINICIANS; NEW YORK CITY HEALTH
HOSPITAL EMPLOYEES; DOCTORS;
CORRECTION OFFICERS, involved in
placement of (Randolph-plaintiff) in CDU
Communicable Disease Unit; JOHN DOES
AND JANE DOES #1, #2, #3, #4, #5, #6, #7;
ALL THOSE RESPONSIBLE FOR
TRANSFER TO CDU; DEPUTY WARDEN
WEST FACILITY CDU; ALISA COORY,
Medical Assistant,

                    Defendants.

25-CV-4965 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is detained in the Eric M. Taylor Center ("EMTC"), brings this action, *pro se*, invoking 42 U.S.C. § 1983, and alleging that Defendants violated his rights when he was held at the North Infirmary Command ("NIC") on Rikers Island. He also asserts that his December 2024 arrest was illegal.

By order dated June 18, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismisses the complaint for failure to state a claim but grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from the complaint.[2] On January 23, 2025, while Plaintiff was detained on Rikers Island as a pretrial detainee, Defendant Alisa Coory, a medical assistant on Rikers Island, "wrote a false internal medical memorandum," directing that Plaintiff be placed "in a[n] isolation Central Communicable Disease unit [CDU]." (ECF 1, at 5.) Plaintiff contends that "the[re] was no reason for such finding both physically, mentally nor have I even stated such." (*Id.*)

Plaintiff also alleges that Defendants denied him high blood pressure medication from December 2024 to January 31, 2025 (*id.*), and denied him access to a wheel chair (*id.* at 6).

Finally, Plaintiff alleges that "in Dec. 2024 . . . [he] was re-arrested immediately after posting bail to wit I maintain was false trumped stemming from the initial arrest." (*Id.* at 5.)

Plaintiff seeks money damages.

## DISCUSSION

### A.    Medical Claims

Plaintiff's allegations suggest he may also be attempting to assert claims, under Section 1983, that he was denied constitutionally adequate medical care.

Because Plaintiff was detained on Rikers Island at the time of the events giving rise to his claims, the Court assumes for the purposes of this order that he was a pretrial detainee and that

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

his claims are therefore analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017). To state a claim under Section 1983 for constitutionally inadequate medical care under the Fourteenth Amendment, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). To satisfy the mental element, a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not give rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983).

### 1.    Placement in the CDU

Plaintiff's allegations regarding his placement in the CDU do not suggest that any defendant violated his constitutional rights. Rather, it appears that he and Defendants disagreed about his medical treatment when he was first housed on Rikers Island. *See id.* Moreover, Plaintiff does not state any facts suggesting how his placement in the CDU caused him to suffer any harm or placed him at risk of any injury. The Court therefore dismisses this claim for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff leave to amend this claim. Should Plaintiff amend his complaint, he must allege facts suggesting that his placement in the CDU caused him to suffer some type of harm and that correctional staff were aware of a risk of harm, or should have been aware of a risk of harm, but ignored that risk. To the extent Plaintiff is alleging that the placement caused a separate type of harm, he must plead facts describing that harm.

### 2.    Blood pressure medication and wheelchair

Plaintiff indicates that Defendants denied him blood pressure medication from December 2024 through January 31, 2025, but he does not provide enough facts to suggest that any correctional staff showed deliberate indifference to a serious medical need. First, assuming that Plaintiff's condition requiring blood pressure medication was a serious condition requiring immediate attention,[3] he does not allege that any defendant was aware of his need for blood pressure medication but ignored that need. With respect to Plaintiff's claim regarding his not being given a wheelchair, Plaintiff does not provide any context for his need for a wheelchair to suggest that any defendant showed deliberate indifference to a serious medical need.

---

[3] "Courts have come to differing conclusions as to whether high blood pressure is a serious medical condition[.]" *Jones v. Meehan*, No. 14-CV-6402 (KPF), 2018 WL 459662, at *14 (S.D.N.Y. Jan. 16, 2018) (citing and comparing cases) (citation omitted).

The Court therefore dismisses both of these claims for failure to state a claim, 28 U.S.C.
§ 1915(e)(2)(B)(ii), with leave to replead.

**B.      False Arrest**

Plaintiff asserts that his December 2024 arrest was not legal. To state a false arrest claim,
a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff
was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the
confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir.
2012) (internal quotations and emphasis omitted). An arrest is privileged if it is based on
probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of
probable cause to arrest constitutes justification and is a complete defense to an action for false
arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks
omitted)).

Plaintiff does not provide any facts in support of a false arrest claim. Without pleading
facts suggesting that an officer did not have probable cause to arrest him, he cannot state a false
arrest claim. The Court therefore dismisses this claim for failure to state a claim. *See* 28 U.S.C.
§ 1915(e)(2)(B)(ii). The Court declines to grant Plaintiff leave to amend this claim in this action
because his false arrest claim is not related to his medical claims—under Rule 20 of the Federal
Rules of Civil Procedure, Plaintiff cannot bring claims against defendants associated with his
medical claims in the same action that he seeks to bring claims against defendants associated
with his false arrest claim.[4] *See* Fed. R. Civ. P. 20(a)(2). The Court therefore dismisses
Plaintiff's false arrest claim without prejudice to Plaintiff's reasserting it in a new civil action.

---

[4] A plaintiff may join multiple defendants in one action if: "(A) any right to relief is
asserted against them jointly [and] severally . . . arising out of the same transaction, occurrence,

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims for inadequate medical care, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his medical claims.

Plaintiff must name as the defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

---

or series of transactions and occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added).

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty January 5, 2025, at NIC, during the 7-3 p.m. shift."

defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

### CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted 30 days' leave to file an amended complaint in support of his medical claims. If Plaintiff files an amended complaint, he must submit it to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-8469 (LTS). An Amended Civil Rights Complaint form is attached to this order.

The Court dismisses his false arrest claims without prejudice to his re-asserting these claims in a new civil action.

The Court directs the Clerk of Court to hold this matter open on the docket until further notice from the Court.

SO ORDERED.

Dated:    June 18, 2026
        New York, New York

                               *Louis L. Stanton*
                                  Louis L. Stanton
                                  U.S.D.J.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                  Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                   Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                   Zip Code

Defendant 2:

First Name                   Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                   Zip Code

Defendant 3:

First Name                   Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                   Zip Code

Defendant 4:

First Name                   Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                   Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6